**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4256**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES HENRY BELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00128-WO-1)

Submitted:  October 21, 2014          Decided:  October 23, 2014

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Ripley E. Rand, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Henry Bell pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2012), and was sentenced to 51 months' imprisonment. Bell appeals, challenging the district court's denial of his motion to withdraw his guilty plea and claiming ineffective assistance of counsel. Finding no error, we affirm.

We review for abuse of discretion the district court's denial of a defendant's motion to withdraw his guilty plea. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). Before sentencing, a defendant may withdraw his guilty plea only by demonstrating "'a fair and just reason'" for withdrawal. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "[A] 'fair and just' reason for withdrawing a plea is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). The defendant bears the "heavy burden" of demonstrating the existence of such a reason. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

A properly conducted Rule 11 colloquy "raise[s] a strong presumption that the plea is final and binding," and therefore "leaves a defendant with a very limited basis upon

2

which to have his plea withdrawn." Bowman, 348 F.3d at 414 (internal quotation marks omitted). Moreover, a defendant's sworn declarations during the plea colloquy "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

We have articulated a nonexclusive list of six factors to be considered in determining whether to permit withdrawal of a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). These factors include: (1) whether the defendant has offered credible evidence that his plea was unknowing or involuntary; (2) whether the defendant credibly asserted his legal innocence; (3) the extent of delay between entering the plea and filing the motion to withdraw the plea; (4) whether the defendant enjoyed "the close assistance of competent counsel"; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would "inconvenience the court and waste judicial resources." Nicholson, 676 F.3d at 384.

Applying these factors, and upon careful review of the record, we find no abuse of discretion in the district court's conclusion that Bell failed to meet his burden to demonstrate a fair and just reason for withdrawal.

We decline to reach Bell's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective

3

assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED